Victoria L. Nelson, Chapter 7 Trustee
Email: trustee@nelsonhoumand.com
1180 North Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone:    702/720-3374
Facsimile:     702/720-3371

*Electronically Filed On: July 14, 2017*

*Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DAWN M MATYSKIEL,<br><br>Debtor. | Case No. BK-S-16-14260-ABL<br>Chapter 7<br><br>**MOTION TO APPROVE SALE OF THE REAL PROPERTY LOCATED AT 5026 DROUBAY DRIVE, LAS VEGAS, NEVADA 89122-0000 PURSUANT TO 11 U.S.C. § 363**<br><br>Date of Hearing:    August 17, 2017<br>Time of Hearing:    11:00 a.m.<br>Place: Courtroom No. 1, Third Floor<br>            Foley Federal Building<br>            300 Las Vegas Blvd., S.<br>            Las Vegas, NV 89101<br><br>Judge: Honorable August B. Landis |

VICTORIA L. NELSON, the appointed Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee") hereby files this *Motion to Approve Sale of the Real Property Located At 5026 Droubay Drive, Las Vegas, Nevada 89122-0000 Pursuant to 11 U.S.C. § 363* (the "Motion").[1]

. . .

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

The Motion is based on the following Memorandum of Points and Authorities, and the *Declaration of Victoria L. Nelson In Support of Motion to Approve Sale of the Real Property Located At 5026 Droubay Drive, Las Vegas, Nevada 89122-0000 Pursuant to 11 U.S.C. § 363 Pursuant to 11 U.S.C. § 363* (the "Nelson Declaration"), both of which are filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2).

The Motion is further based on the papers and pleadings on file in this case, and such other evidence that may be presented to the Court at the hearing on the Motion. Pursuant to Local Rule 6004(b)(3), a true and correct copy of the proposed order approving the Motion is attached hereto as **Exhibit "1"**.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    JURISDICTION AND VENUE

The Court has jurisdiction over the bankruptcy case and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9014.2, if the Court determines that absent consent of the parties the Court cannot enter final orders or judgment regarding the Motion consistent with Article III of the United States Constitution, the Trustee consents to entry of final orders and judgment by this Court. Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion herein are Section 363 and FRBP 6004.

### II.    STATEMENT OF FACTS

1. On August 3, 2016 (the "Petition Date"), DAWN M MATYSKIEL (the "Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code [ECF No. 1][3].

2. On August 3, 2016, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case. *See* Nelson Declaration.

---

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-captioned bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by Federal Rule of Bankruptcy Procedure 9017.

[3] All references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of the court.

3.  On August 3, 2017, the Debtor filed her Schedules and Statements that identified an interest in the real property located at 5026 Droubay Drive, Las Vegas, Nevada 89122-0000 (the "Property").  *See* Nelson Declaration.

4.  The Debtor's schedules reflect that the Property is currently worth $135,000, but is subject to a first mortgage lien (the "Senior Mortgage") in favor of Bank of America, N.A. (the "Senior Secured Creditor") in an amount exceeding $125,000.00.  *See* Nelson Declaration.

5.  The Debtor's schedules further reflect that the Property is also subject to a second mortgage lien (the "Junior Mortgage") in favor of Nationstar Mortgage, LLC (the "Junior Secured Creditor") in an amount exceeding $28,983.00.  *See* Nelson Declaration.

6.  On September 20, 2016, the Trustee filed a *Notice of Assets and Notice to File Claims Pursuant to Federal Rule of Bankruptcy Procedure 3002(c)(5)* [ECF No. 14], which established December 20, 2016, as the deadline to file proofs of claim.  *See* Nelson Declaration.

7.  On January 13, 2017, the Trustee filed an *Ex Parte Application to Employ BK Global Real Estate Services and Affiliated Local Brokerage Firm to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 27], which sought to employ BK Global Real Estate Services ("BKRES") and Simply Vegas (the "Listing Agent") to market and sell the Property and negotiate a bankruptcy release fee for the Debtor's bankruptcy estate.  *See* Nelson Declaration.

8.  On January 18, 2017, the Court entered an *Order Granting Ex Parte Application to Employ BK Global Real Estate Services and Affiliated Local Brokerage Firm to Sell Certain Real Property and to Pay Commission Pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Federal Rule of Bankruptcy Procedure 2014* [ECF No. 31].  *See* Nelson Declaration.

9.  BKRES and the Listing Agent have successfully located a buyer for the Property and have negotiated the terms of a short sale that will result in the Debtor's bankruptcy estate receiving a bankruptcy release fee in the amount of $7,550 (the "Bankruptcy Release Fee").  *See* Nelson Declaration.

10.  The specific terms of the sale transaction are detailed in a purchase agreement (the "Purchase Agreement") whereby the Property will be sold to Jeffrey B. Ader (the "Purchaser") for

the sale price of $143,500.  A true and correct copy of the Purchase Agreement is attached to the Nelson Declaration as **Exhibit "1"**.

11.     The Senior Secured Creditor has agreed to accept a payment in the amount of $124,614.70.  The Junior Secured Creditor has agreed to accept a payment in the amount of $6,000.  A true and correct copy of the preliminary HUD-1 for the sale of the Property is attached to the Nelson Declaration as **Exhibit "2"**.

12.     As of the filing of this Motion, the Debtor's creditor body is $17,434.29.  *See* Nelson Declaration.

13.     Accordingly, the sale of the Property is in the best interests of creditors because it will result in the Debtor's bankruptcy estate receiving sufficient funds to pay a significant percentage of the proofs of claim filed in the Debtor's bankruptcy case.  *See* Nelson Declaration.

### III.     LEGAL ARGUMENT

The Bankruptcy Code provides the authority for the Trustee to sell the Property free and clear of all liens, claims, encumbrances and interests.  *See generally* 11 U.S.C. § 363.  11 U.S.C. § 363(b)(1) provides that a Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.  This provision generally allows a trustee (subject to Court approval) to sell property of the estate outside the ordinary course of business where the proposed sale is a sound exercise of the trustee's business judgment and the sale is proposed in good faith and for fair value.  *Committee of Equity Security Holders v. Lionel Corporation (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Ernst Home Center, Inc.*, 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997).  When a trustee articulates a reasonable basis for its business decisions, "courts will generally not entertain objections to the [trustee's] conduct."  *Comm. Of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1987).

11 U.S.C.§ 363(f) further states that the trustee may sell property under subsection (b) of this section free and clear of any interest in such property or an entity other than the estate, only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is

1  greater than the aggregate value of all liens on such property; (4) such interest is in bona fide
2  dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money
3  satisfaction of such interest.

4        In the instant case, the Purchase Agreement was negotiated at arm's length in good faith,
5  and the Trustee believes its terms are fair and reasonable under the circumstances.  The Trustee
6  seeks authority to sell the Property free and clear of all liens, claims and encumbrances which may
7  be asserted against the assets, with any such liens, claims and encumbrances (if any) attaching to
8  the proceeds of the sale.  The sale of the Property is in the best interests of creditors because it will
9  result in the Debtor's estate receiving the Bankruptcy Release Fee, which is approximately forty-
10 three percent of the of the total proofs of claim that have been filed in the Debtor's bankruptcy case.

11       In addition to the other sale-related relief sought herein, the Trustee requests that the Court
12 specifically find inapplicable any stays that might otherwise inhibit the Trustee's ability to close
13 the proposed transaction for the sale of the Property immediately after the Court enters an order
14 approving the transaction, including, without limitation, those arising under FRBP 6004.

15       Finally, the Trustee requests that the Court deem the Purchaser as a good faith purchaser
16 pursuant to Section 363(m).  *In re Onouli-Kona Land Co.*, 846 F.2d 1170 (9th Cir. 1988).  The
17 Purchaser has offered to pay a purchase price that is in excess of the scheduled value of the Property
18 that will result in a significant distribution to creditors.  The Trustee is further informed and believes
19 that the Purchaser does not have any relationship or connections with the Debtor that would suggest
20 that his offer to purchase the Property is not in good faith.

21       The Motion and supporting declarations have been served on (a) the Office of the United
22 States Trustee, (b) the Debtors and their counsel, and (c) all parties requesting special notice.  Notice
23 of the Motion has also been served on all creditors and parties in interest.  The Trustee submits that
24 no other or further notice is required.

25 . . .
26 . . .
27 . . .
28

### V. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an Order: (1) approving the Sale of the Property free and clear of liens to the Purchaser pursuant to Section 363; (2) waiving the application of any stays under FRBP 6004; and (3) for such other relied as the Court deems just and proper under the circumstances.

Dated this 14th day of July, 2017.

**CHAPTER 7 TRUSTEE**

*/s/ Victoria L. Nelson*
Victoria L. Nelson, Chapter 7 Trustee
Email: trustee@nelsonhoumand.com
1180 North Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Telephone:   702/720-3374
Facsimile:    702/720-3371